UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEREK HOUNSHEL,<br><br>　　　Plaintiff,<br><br>　v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>　　　Defendant. | Case No. 4:11-cv-00635-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff Derek Hounshel's Motion to Compel Discovery Pursuant to Fed.R.Civ.P. 37(a) (Dkt. 35). Hounshel seeks an order compelling Defendant Battelle Energy Alliance, LLC to respond to discovery requests asking Battelle (1) to identify any employees Battelle sent for a psychiatric evaluation based on alleged workplace behavior, and (2) to produce the personnel files for any identified employees. Battelle objected to the discovery requests on the grounds that the requested

MEMORANDUM DECISION AND ORDER - 1

information (1) was not relevant, (2) contained personal and confidential information regarding other non-party Battelle employees, and (3) was protected by the Federal Privacy Act of 1974, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), and the Public Health Act.  The counsel for the parties discussed the issue, and Battelle's counsel indicated that Battelle was not necessarily opposed to producing the information but could only do so with a court order.  In accordance with the Court's Case Management Order outlining the procedure for discovery disputes, the parties contacted court staff and obtained approval from the Court to file this Motion.

For the reasons set forth below, the Court will grant Hounshel's motion in part and deny in part.

## ANALYSIS

Although Battelle previously objected to producing the requested information on several bases, including HIPAA and the ADA, it now appears that Battelle relies exclusively on the Federal Privacy Act ("FPA"), in refusing to produce this information without a court order.  The parties debate whether the FPA applies to the discovery requests.

Regardless of whether the FPA applies or not, the Court believes that Hounshel's discovery requests raise significant privacy concerns for third-party employees who have no involvement in this case.  "Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal. 1995) (citing *Breed v. United States Dist. Ct.*

*for Northern District*, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files). "[T]he initiation of a law suit does not, by itself, grant plaintiffs the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose." *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 551 (E.D.Cal. 1990), *abrogated on other grounds by Jaffee v. Redmond*, 518 U.S. 1 (1996). "A balance must be struck." *Id.*

Resolution of a privacy objection requires a balancing of the need for the information sought against the privacy right asserted. *Soto*, 162 F.R.D. at 616.

Non-party employees, with no interest in this case, undoubtedly have a significant privacy interest in not having their names and mental health information disclosed without their consent. Indeed, the Supreme Court has recognized a limited privacy interest in the confidentiality of an individual's medical records, derived implicitly from the United States Constitution. *Whalen v. Roe,* 429 U.S. 589, 599–600 (1977). And the Ninth Circuit has held that this right to privacy encompasses the doctor-patient and psychotherapist-patient relationship. *Caesar v. Mountanos,* 542 F.2d 1064, 1067 n. 9 (9th Cir.1976), *cert. den.* 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 804 (1977).

On the other hand, the relevancy requirements with respect to discovery are to be broadly construed. *N.L.R.B. v. Local Union 497*, 795 F.2d 836, 838 (9th Cir. 1986). Given this broad standard, the information Hounshel seeks is no doubt relevant. Hounshel is alleging that Battelle discriminated against him by requiring him to undergo psychiatric evaluation based on alleged workplace violence. So obtaining the information regarding

other employees who Battelle required to undergo a psychiatric evaluation based on workplace behavior bears not only on Hounshel's claims but also on Battelle's defenses. Also, the public has a strong interest in uncovering civil rights violation of the type alleged here.

 Balancing a non-party employee's very substantial privacy interest in information pertaining to mental health and Hounshel's need for the requested information, the Court finds the balance slightly tips in favor of disclosure. But "even where the balance weighs in favor of disclosure of private information, the scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit." *Cook*, 132 F.R.D. at 552 (citation omitted). This rule accords with the Court's discretionary power under Federal Rule of Civil Procedure 26(c), which allows courts to fashion discovery in a manner that is suitable to the actions before it. *Id.*

 Here, given a non-party's very substantial privacy interest in mental health records, the limitations on disclosure must be carefully crafted. It is the Court's understanding that the parties have already in place a protective order that limits access of confidential information to Hounshel, his counsel, and his experts, and provides that copies of such materials will be returned to Battelle or destroyed at the conclusion of the case. In addition, Hounshel has agreed to narrow the scope of his request in two significant ways. First, rather than requesting each identified employees' entire personnel file, Hounshel asks for only those portions that contain documents related to

the reasons for Battelle's requiring a psychiatric examination of the employee (which may include disciplinary records) and the psychiatric examinations.  Second, Hounshel has further narrowed the scope of his request "to those individuals who were required to undergo a psychiatric examination as a result of workplace violence or alleged workplace violence." *Pl's Reply* at 8, Dkt. 3

This is a good start.  But the Court does not believe it is enough to protect the substantial privacy interests at issue here. The Court will therefore require a two-tier approach to disclosure of the requested information.  First, the Court will require Battelle to identify employees – *by their initials only* – who Battelle has required to undergo a psychiatric evaluation based on alleged workplace behavior.  Battelle must also provide a very brief and general description of the alleged behavior that led to Battelle's requiring the identified employee to undergo such an evaluation, as well as a general description of what action, if any, Battelle took against the identified employee.  Second, the Court will order Battelle to produce to Hounshel the requested portions of personnel files for those employees who were required to undergo a psychiatric evaluation because of alleged workplace violence *only* (and not just workplace behavior in general).

Because of the highly sensitive nature of mental health information, the Court will *not* compel Battelle to disclose the psychiatric evaluations themselves, *and* Battelle must redact any personal identifying information, including names and addresses, from the produced personnel files. These non-party employees have done nothing to inject themselves into this case, and the Court sees no reason to invade their privacy without

**MEMORANDUM DECISION AND ORDER - 5**

more. If, after reviewing the produced information, Hounshel determines that he needs the name of a specific employee and that employee's psychiatric evaluation, Hounshel may file a motion seeking the information. Hounshel will have to make a particularized showing to justify disclosure of an employee name and psychiatric evaluation. At this point, however, the Court would not be inclined to grant such a request.

## ORDER

**IT IS ORDERED that** Plaintiff Derek Hounshel's Motion to Compel Discovery Pursuant to Fed.R.Civ.P. 37(a) (Dkt. 35) is GRANTED in part and DENIED in part in accordance with this decision.

**IT IS FURTHER ORDERED that** Defendant Battelle Energy Alliance, LLC produce the information as outlined in this decision *no later than October 2, 2013.*

DATED: September 24, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court