INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. You have each been provided with a copy so you may follow along with me as I read my instruction to you.  You may also take your copy of the instructions into the jury room during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The evidence from which you are to decide what the facts are consists of:

1.  the sworn testimony of any witness; and

2.  the exhibits which have been received into evidence.

INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness' memory;

3.  the witness' manner while testifying;

4.  the witness' interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness' testimony;

6.  the reasonableness of the witness' testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 6

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer and monitor will be available to you in the jury room.  The court staff will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. In addition, a paper copy of all exhibits received in evidence will be available to you in the jury room.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff or me present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the

computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

INSTRUCTION NO. 7

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 8

Under the law, the defendant, Battelle Energy Alliance, is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, it is responsible for the acts of its employees, agents, directors and officers performed within the scope of their authority.

INSTRUCTION NO. 9

Battelle is entitled to the same fair and unprejudiced treatment that an individual would be under like circumstances.  You should decide this case with the same impartiality that you would use in deciding a case between individuals.

INSTRUCTION NO. 10

The plaintiff, Derek Hounshel, has brought a claim of employment discrimination based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not discriminate against an individual who has a disability or is perceived as having a disability when that individual is qualified to perform the essential functions of the job.

Hounshel claims that his perceived disability was either the sole reason or a motivating factor for Battelle's decision to take a series of actions against him, which Hounshel alleges are adverse employment actions, including:  (1) giving him a negative performance evaluation, (2) placing him on a performance improvement plan, (3) requiring him to attend mandatory counseling, (4) subjecting him to a psychological assessment, (5) placing him on unpaid administrative leave, (6) suspending him, (7) moving his office, (8) restricting his building access, (9) restricting his access to co-workers, (10) denying him training and work opportunities, and (11) constructively discharging him.

 Battelle denies that it perceived Hounshel as disabled or that any alleged perceived disability of Hounshel was either the sole reason or a motivating factor for Battelle's decision to take any employment action against Hounshel.  Battelle further claims its employment decisions were based on lawful reasons.

INSTRUCTION NO. 11

As to Hounshel's claim that his alleged perceived disability was either the sole reason or a motivating factor for Battelle's employment decisions, Hounshel has the burden of proving the following elements by a preponderance of the evidence:

1. Hounshel was perceived as having a mental disability within the meaning of the ADA;

2. Hounshel was a qualified individual as that term is defined later in these instructions; and

3. Hounshel's perceived mental disability was a motivating factor in Battelle's decision to subject him to one or more adverse employment actions, with all of you agreeing on a particular adverse employment action(s) that you find Battelle was motivated to take on the basis of Hounshel's perceived disability.

If Hounshel has failed to prove any of these elements, your verdict should be for Battelle. If, on the other hand, Hounshel has proved all of these elements, Hounshel is entitled to your verdict, even if you find that Battelle's decision was motivated by Hounshel's disability and a lawful reason. If, however, Battelle proves by a preponderance of the evidence that Battelle would have made the same decision even if Hounshel's disability had played no role in Battelle's decision to take an adverse employment action(s) against Hounshel, your verdict should be for Battelle.

INSTRUCTION NO. 12

As you have been instructed, the first element of the ADA claim that Hounshel must prove is that he has a recognized disability under the ADA. A "disability" under the ADA includes being "regarded as" having a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include any mental or psychological disorder, such as emotional or mental illnesses.

Major life activities are the normal activities of living that a non-disabled person can do with little or no difficulty, such as working or interacting with others.

A limitation is substantial if the disabled person is unable to perform the activity or is significantly restricted in doing so.

Factors to consider in deciding whether a major life activity is substantially limited by the perceived mental impairment include:

(1) the nature and severity of the impairment;

(2) the duration or expected duration of the impairment; and

(3) the permanent or long-term impact of the impairment.

INSTRUCTION NO. 13

An individual is "regarded as" having a disability if he:

1. has a physical or mental impairment that does not substantially limit a major life activity, but is perceived by his employer as having such a limitation;

2. has a physical or mental impairment that is substantially limiting only as a result of the attitudes of others towards the impairment; or

3. does not have an impairment at all but is perceived by his employer as having such a substantially limiting impairment.

An employer's awareness of behavior that one might associate with an impairment does not of itself show that the employer regarded the employee as disabled. The fact that an employer requires a qualified individual to take a medical examination is not evidence that the employer regards the individual as disabled if the examination is job-related and consistent with business necessity.

INSTRUCTION NO. 14

The second element of the ADA claim that Hounshel must prove is that he was a qualified individual under the ADA.  The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

I instruct you that Hounshel was a qualified individual under the ADA.

INSTRUCTION NO. 15

The third element of the ADA claim that Hounshel must prove is that his alleged perceived mental disability was a motivating factor in Battelle's decision to subject him to one or more adverse employment actions, with all of you agreeing on a particular adverse employment action(s) that you find Battelle was motivated to take on the basis of Hounshel's perceived disability.

The term motivating factor means a consideration that moved the defendant toward its decision or a factor that played a part in an employment decision.

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.

INSTRUCTION NO. 16

Hounshel also seeks damages under the ADA for a disability-related hostile work environment while employed by Battelle. In order to establish a disability-related hostile work environment, Hounshel must prove each of the following elements by a preponderance of the evidence:

1.      Hounshel was perceived as disabled as defined in Instruction Nos. 12 and 13;

2.      He was subjected to un-welcomed harassment in the workplace;

3.      This harassment was based on his perceived disability;

4.      The harassment was sufficiently severe or pervasive to alter the conditions of Hounshel's employment and create an abusive or hostile work environment;

5.      Hounshel perceived the working environment to be abusive or hostile; and

6.      A reasonable person in Hounshel's circumstances would consider the work environment to be abusive or hostile.

Whether the environment constituted a hostile work environment based on any alleged perceived disability of Hounshel is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

INSTRUCTION NO. 17

Hounshel claims that Battelle violated the ADA by compelling him to submit to "medical examinations" and "disability-related inquiries."  Specifically, he claims that the psychological assessment by Dr. Hargraves, as well as his mandatory counseling sessions with Dr. Weinrich and Mr. Minnix, were medical examinations or disability-related inquiries as defined by the ADA.

The ADA limits an employer's ability to conduct medical examinations of its employees or to make disability-related inquiries of its employees. An employer may not make inquiries or require a medical examination of employees regarding the existence, nature, or severity of the employee's disability, unless the examination or inquiry is shown to be job-related and consistent with business necessity. An employer, however, may make inquiries into the ability of an employee to perform job-related functions.

The employer bears the burden of proving business necessity.

INSTRUCTION NO. 18

You are instructed that the psychological assessment by Dr. Hargraves was a medical examination or disability-related inquiry as defined by the ADA. It is for you to decide, however, whether Hounshel's mandatory counseling sessions with either or both Dr. Weinrich and Mr. Minnix were medical examinations or disability-related inquiries as defined by the ADA.

A medical examination is a procedure or test that seeks information about an individual's physical or mental impairments or health.  To determine whether something constitutes a medical examination, one must consider whether it is likely to elicit information about a disability, providing a basis for discriminatory treatment.

INSTRUCTION NO. 19

You must also determine, with regard to Dr. Hargraves psychological assessment and either or both Dr. Weinrich and Mr. Minnix's counseling sessions (if you find that the counseling sessions with Dr. Weinrich or Mr. Minnix's were medical examinations or disability-related inquiries), whether Battelle has proven the business necessity defense.

Business necessity is a defense to a claim that the defendant made prohibited medical examinations or disability-related inquiries. To prevail on this defense, Battelle must demonstrate by a preponderance of the evidence that the medical examinations and disability-related inquiries were:

1. job related; and

2. consistent with business necessity.

INSTRUCTION NO. 20

The job-relatedness prong of the business necessity defense relates to whether a medical examination or disability-related inquiry was limited to the essential functions of the job. The essential functions are the fundamental job duties and not the marginal functions of the position at issue.

Whether a job function is truly essential or merely marginal requires a thorough analysis of the pertinent facts and no one factor is dispositive or controlling.

INSTRUCTION NO. 21

The business necessity prong may be met if there is significant evidence that would cause a reasonable person to inquire whether an employee is still capable of performing his job. An employee's behavior cannot be merely annoying or inefficient to justify an examination; rather, there must be genuine reason to doubt whether that employee can perform job-related functions.

INSTRUCTION NO. 22

A constructive discharge occurs when the working conditions are so intolerable that a reasonable person in Hounshel's position would feel compelled to resign.

INSTRUCTION NO. 23

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Hounshel on any of his claims, you must determine his damages. Hounshel has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Hounshel for any injury you find was caused by Battelle. You should consider the following:

1. The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

2. The loss of professional standing and injury to character and reputation experienced and which with reasonable probability will be experienced in the future;

3. The mental, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; and

4. Any lost wages for being suspended without pay.

Whether Hounshel was constructively discharged may affect his damages. Therefore, on the Special Verdict Form, you will be asked to decide whether Battelle constructively discharged Hounshel. If you find Battelle constructively discharged Hounshel, you should consider the following in addition to the above-listed damages:

1. The actual expenses Hounshel incurred as a result of his relocation to North Carolina to obtain new employment.

2. Any additional mental, emotional pain and suffering Hounshel experienced as a result of relocating his family to North Carolina to obtain new employment, and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 24

Hounshel has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Battelle has the burden of proving by a preponderance of the evidence:

1.  that Hounshel failed to use reasonable efforts to mitigate damages; and

2.  the amount by which damages would have been mitigated.

INSTRUCTION NO. 25

The law which applies to this case authorizes an award of nominal damages. If you find for Hounshel but you find that Hounshel has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

INSTRUCTION NO. 26

If you find for Hounshel on his ADA discrimination claims, you may, but are not required to, award punitive damages if Hounshel proved by a preponderance of the evidence that Battelle engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of Hounshel.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the employee. Conduct is in reckless disregard of the employee's rights if, under the circumstances, it reflects complete indifference to the employee's rights, or if the employer acts in the face of a perceived risk that its actions will violate the employee's rights under federal law.

If you find that punitive damages are appropriate on Hounshel's ADA discrimination claim, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Battelle's conduct.

INSTRUCTION NO. 27

A Verdict Form has been prepared for your convenience.  It is attached to the back of these instructions. Turn to it now and I will review it with you.

[form of verdict read]

You will take this Verdict Form with you to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the Verdict Form which sets forth the verdict upon which you agree.  You will then return with your verdict to the courtroom.

We will now hear the closing arguments of counsel after which I will give you a few brief closing instructions.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEREK HOUNSHEL, | Case No. 4:11-cv-00635-BLW |
| Plaintiff, | |
| vs. | **SPECIAL VERDICT FORM** |
| BATTELLE ENERGY ALLIANCE, LLC, | |
| Defendants. | |

We the jury, find unanimously as follows:

## I.   ADA DISCRIMINATION CLAIMS

**Question 1**: Has the plaintiff, Derek Hounshel, proved by a preponderance of the evidence that he was regarded by the defendant, Battelle Energy Alliance, as having a "mental impairment," which is a recognized form of disability under the ADA?

_____                    _____
YES                                     NO

If you answered "yes," please proceed to answer Question 2. If you answered "no," please proceed to Question 8.

**SPECIAL VERDICT FORM - 1**

**Question 2**: Has Derek Hounshel proved by a preponderance of the evidence that his perceived mental disability was the sole cause of Battelle Energy Alliance's decision to take an adverse employment action(s) against him, with all of you agreeing on the particular adverse employment action(s) that you find Battelle took because of Hounshel's perceived disability?

_____                          _____
     YES                                      NO

If you answered "yes," please proceed to Question 6.  If you answered "no," please proceed to Question 3.

**Question 3:** Has Derek Hounshel proved, by a preponderance of the evidence, that his perceived mental disability was a motivating factor for Battelle Energy Alliance's decision to take an adverse employment action(s) against him, with all of you agreeing on the particular adverse employment action(s) that you find Battelle was motivated to take on the basis of Hounshel's perceived disability?

_____                          _____
     YES                                      NO

If you answered "no," please proceed to Question 6. If you answered "yes," please proceed to Question 4.

**Question 4:** Has Battelle Energy Alliance proved, by a preponderance of the evidence, that Battelle Energy Alliance's decision to take the adverse employment action(s) against Derek Hounshel was also motivated by a lawful reason?

_____                          _____
     YES                                      NO

**SPECIAL VERDICT FORM - 2**

If you answered "no," proceed to Question 6. If you answered "yes," proceed to Question No. 5.

**Question 5:** Has Battelle Energy Alliance proved, by a preponderance of the evidence, that it would have made the same decision to take the adverse employment action(s) against Derek Hounshel even if his perceived mental disability had played no role in Battelle Energy Alliance's decision to take the adverse employment action(s) against him?

_____                    _____
YES                              NO

**Question 6:** Has Derek Hounshel proved by a preponderance of evidence that he was subjected to a hostile work environment because of a perceived mental disability?

_____                    _____
YES                              NO

**Question 7:** Has Derek Hounshel proved by a preponderance of the evidence that he was constructively discharged by Battelle Energy Alliance?

_____                    _____
YES                              NO

**Question 8**: Has Battelle Energy Alliance proved by a preponderance of the evidence that its decision to refer Derek Hounshel to Dr. Hargraves for a psychological assessment was job-related and consistent with business necessity?

_____                    _____
YES                              NO

**SPECIAL VERDICT FORM - 3**

**Question 9:**  Has Derek Hounshel proved by a preponderance of the evidence that his counseling sessions with Dr. Weinrich or Mr. Minnix were medical examinations or disability-related inquires under the ADA?

_____                                 _____
YES                                                       NO

If you answered "yes," please proceed to Question 10.  If you answered "no," please proceed to the Section on Damages.

**Question 10:** Has Battelle Energy Alliance proved by a preponderance of the evidence that its decision to refer Derek Hounshel to Dr. Weinrich or Mr. Minnix for counseling was job-related and consistent with business necessity?

_____                                 _____
YES                                                       NO

## II. <u>DAMAGES</u>

The remaining questions ask you to assess damages, if any, attributable to any discrimination in violations of the ADA, which you have found in answering the preceding questions.   Thus, you will only answer the following questions if you answered "yes" to either Question 2 <u>*or*</u> 6, <u>*or*</u> if you answered "no" to any of Questions 4, 5, 8, <u>*or*</u> 10.  Otherwise, you will skip the remaining questions and have your Foreperson sign and date this Special Verdict Form.

**Question 11:**  What are Derek Hounshel's damages, if any, for the following categories of damages caused by Battelle Energy Alliance's discrimination in violation of the ADA?

**SPECIAL VERDICT FORM - 4**

Compensatory Damages for Derek Hounshel's emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life under the ADA:

$_____

Nominal Damages:

$_____

Punitive Damages:

$_____

Lost wages for suspension without pay (if you found that Hounshel was suspended without pay because of his perceived disability)

$_____

The remaining question asks you to assess damages, if any, attributable to Derek Hounshel's constructive discharge. Thus, you will only answer the following question if you answered "yes" to Question 7.  If you answered "no" to Question 7, please skip the remaining question and have your Foreperson sign and date this Special Verdict Form.

**Question 12:** What are Derek Hounshel's damages, if any, for the following categories of damages caused by Battelle Energy Alliance's constructive discharge of his employment?

Economic Damages:

$_____

**SPECIAL VERDICT FORM - 5**

Compensatory Damages for Derek Hounshel's emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life resulting from the constructive discharge:

$_____

Nominal Damages:

$_____

Have your foreperson sign and date the Special Verdict Form.

Dated _____          _____
                                  FOREPERSON

**SPECIAL VERDICT FORM - 6**