UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEREK HOUNSHEL,<br><br>    Plaintiff,<br><br>    v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>    Defendant. | Case No.: 4:11-cv-00635-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Plaintiff's Motion For Attorneys' Fees and Costs (Dkt. 113). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Plaintiff Derek Hounshel filed this action against Battelle Energy Alliance LLC, alleging that Battelle engaged in unlawful adverse employment actions against him based on a perceived disability. Hounshel alleged that his perceived disability was either the sole reason or a motivating factor for Battelle's decision to take these adverse actions against him.

At trial, the jury found in favor of Hounshel. The jury found that Battelle did take adverse actions against Hounshel and they were motivated, in part, by Hounshel's perceived disability. The jury awarded Hounshel compensatory and punitive damages in

the amount of $99,944.1. The Court did grant Battelle's motion for a directed verdict on Houshel's gender discrimination claim. Judgment was entered in favor of Hounshel on December 4, 2012. (Dkt. 112). Hounshel now seeks his attorneys' fees and costs in this matter.

## ANALYSIS

The Americans with Disabilities Act ("ADA") provides for an award of reasonable attorneys' fees. *Jankey v. Poop Deck*, 537 F.3d 1122, 1129 (9th Cir. 2008); 42 U.S.C. § 12205. Before awarding fees in an ADA case, the Court must determine, first, whether the plaintiff was prevailing party, and second, what constitutes a reasonable amount. *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1118-19 (9th Cir. 2000).

There is no question that Hounshel is the prevailing party, so the Court must only determine a reasonable fee award. As a threshold matter, however, the Court must address whether Hounshel's fee motion should be considered at all. Battelle argues that Hounshel's motion should be denied because it was filed one day late.

**1.        Timeliness of Motion**

Local Civil Rule 54.2 requires that any request for attorney's fees by a prevailing party must be submitted within fourteen days of the entry of judgment giving rise to the request for fees. Here, Judgment was entered on December 3, 2013, Dkt. 112, and therefore Hounshel's fee motion should have been submitted no later than December 17, 2013. But Hounshel did not file his motion until December 18, 2013. Dkt. 113. So, technically, Hounshel's motion was filed a day late. *Graves v. OfficeMax Inc.*, Case No.

1:06-CV-00083-BLW, 2007 WL 576472 , n.4 (D. Idaho Feb. 21, 2007). Hounshel, however was confused because the judgment was entered on December 3, 2013, but the docket entry was entered on December 4, 2013. Given these circumstances, the Court will not exercise its discretion to deny the motion as untimely. *Id.*

2.   **Reasonableness of Fee Award**

Having decided this threshold issue, the Court will examine the reasonableness of the fee request. In determining the fee award, a district court must consider whether the rate charged and whether the hours expended by the attorneys were reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983). The Ninth Circuit has adopted twelve factors known as the *Kerr* factors to aid a district court in this decision. *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir.1975). They include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Id.*

Once the district court has determined that both the hourly rate and hours expended are reasonable, it should take these two numbers and multiply them to establish an initial estimate of the value of the attorney's services. *Hensley*, 461 U.S. at 433.

Hounshel was represented by DeAnne Casperson and Amanda E. Ulrich. The chart below shows counsels' hourly rates, number of hours billed, and total fees charged by each attorney, as well as the fees charged for the entire case based on the attorneys' fees paid and those that are unpaid. The total attorneys' fees, including both paid and unpaid hours are $201,829.00.

| Attorney | Hours Billed | Effective Hourly Rate | Total |
| --- | --- | --- | --- |
| DeAnne Casperson | 41.7 | $175.13 | $7,303.06 |
| Amanda Ulrich | 29.1 | $137.80 | $4,009.94 |
| Total | | | $11,313.00 |

| Attorney | Hours Billed | Effective Hourly Rate | Total |
| --- | --- | --- | --- |
| DeAnne Casperson | 538.4 | $210.00 | $113,064.00 |
| Amanda Ulrich | 455.6 | $170.00 | $77,452.00 |
| Total | | | $190,516.00 |

Hounshel has submitted a lengthy itemized statement to the Court detailing the services Hounshel's counsel provided. *Casperson Aff., ¶ 2, Ex. A.* The Court has reviewed these documents and finds that the hourly rates charged by Hounshel's attorneys are reasonable, as well as the hours expended.

A.   *Partial Success*

Before addressing the reasonableness of the lodestar amount, the Court must determine whether it will reduce the fee award because Hounshel failed to prevail on his Title VII gender discrimination claim. When a plaintiff succeeds only on some claims, the Court must determine whether the successful and unsuccessful claims were related.

*Dang v. Cross*, 422 F.3d 800, 812-13 (9th Cir. 2005). "At bottom, the focus is on whether the unsuccessful and successful claims arose out of the same course of conduct. If they did not, the hours expended on the unsuccessful claims should not be included in the fee award." *Id.* at 813 (internal quotations and citations omitted).

The Court finds that the gender discrimination claim was too intertwined with the ADA claims to separate it out for attorney fee purposes. The issue of gender bias was tied directly to the allegations of mental instability and violence. Hounshel alleged that Battelle only forced male employees to undergo psychological assessments when accused of workplace violence. The facts that undergirded the ADA claim also supported the gender discrimination claim. The Court therefore will not reduce the fee award to reflect Hounshel's partial success.

**B.**     *Hourly rate*

As stated above, a district court must make a determination as to whether the hourly rate charged by an attorney is reasonable. *Hensley,* 461 U.S. at 433. In making this determination, the district court should take into consideration the *Kerr* factors. *Kerr,* 526 F.2d at 70. Of these factors, the Ninth Circuit has stated that the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation, should guide the district court in determining whether the hourly rate charged was reasonable. *Ingram v. Oroudjian,* 647 F.3d 925, 928 (9th Cir.2011). Additionally, it is the responsibility of an attorney seeking an award to submit evidence showing that the hourly rates are reasonable. *Hensley,* 461 U.S. at 433. However, it is not an abuse of

discretion for a district court to rely in part on it's own knowledge and experience in determining a reasonable hourly rate. *Ingram,* 647 F.3d at 928.

The attorneys who worked on this case and their current hourly rates are as follows: DeAnne Casperson, $210.00 per hour, and Amanda E. Ulrich, $170.00 per hour. The Court finds that the hourly rates charged by both Ms. Casperson and Ms. Ulrich are reasonable. The Court further concludes that Houshel's attorneys are entitled to the prevailing local rate even if they gave Hounshel a courtesy discount for the fees he paid. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).The Court bases its finding on the affidavits of Ms. Casperson and James D. Holman, an experienced attorney who practices in southeastern Idaho, as well as the Court's knowledge of the customary fees in the area for attorneys with Ms. Casperson and Ms. Ulrich's experience, expertise, and reputation.

C. *Hours Expended*

Once a district court has determined that the hourly rate charged by an attorney is reasonable, the district court must determine whether the number of hours expended are reasonable. *Hensley,* 461 U.S. at 433. Again, the district court should consider the *Kerr* factors to aid its determination. *Kerr,* 526 F.2d at 70. Additionally, the district court should consider the responsibility of the party seeking an award of fees to submit evidence supporting the hours expended on the case. *Hensley*, 461 U.S. at 433.

Hounshel's attorneys billed a total of 1064.8 hours pursuing this case on behalf of Hounshel.  Although Battelle quibbles with some of the hours expended, the Court finds

that the number of hours Hounshel's counsel billed is reasonable, and as discussed below, the Court will not reduce the hours as requested by Battelle.

First, Battelle argues that the hours expended between January 14, 2011, and March 11, 2011, are not reasonable because they were expended nearly a year before the complaint was filed. But, according to Hounshel's counsel, the hours expended before the charge of discrimination and the Complaint were filed were necessary to the prosecution of the case. Counsel's representation of Hounshel began in January 2011 after Battelle required that Hounshel be psychologically evaluated. Hounshel sought legal assistance because of the same actions by Battelle that led to the filing of the EEOC charge and the Complaint. Therefore, the hours expended during this time were sufficiently related to the litigation so as to warrant their inclusion in the fee award.

Second, the Court finds that the hours spent on the motion for partial summary judgment, motion in limine and jury instructions were reasonable. It is not entirely uncommon for plaintiffs to file motions for partial summary judgment on discrete legal issues as Hounshel did here. Although his motion was denied, the Court cannot say it was completely unreasonable for him to file the motion. Likewise, the Court cannot say that the hours Hounshel's expended on motions in limine and jury instructions were so unreasonable that they should be excluded from Hounshel's fee award.

Nor does the Court believe that the fees requested are disproportionate to the result obtained. Nearly $100,000 is not an insignificant amount for an Idaho jury. More importantly, Hounshel succeeded on an important civil rights issue. *Morales v. City of*

*San Raphael*, 96 F.3d 359, 365 (9th Cir. 1996). Moreover, part of the reason that Hounshel did not receive a larger damages award was because he was able to find another well-paying job. Hounshel should not be penalized because he successfully mitigated his damages.

Finally, the Court will reduce not the fee award because of counsel's "block billing." Both Ms. Casperson and Ms. Ulrich's entries are sufficiently detailed, so that the Court could determine the reasonableness of the charges.

In sum, considering all the factors which bear on Hounshel's degree of success, and looking at the case as a whole, the Court finds that no adjustments to the attorneys' fee award are warranted. Thus, the Court finds that Hounshel shall be awarded attorney's fees in the amount of $201,829.00.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion For Attorneys' Fees and Costs (Dkt. 113) is GRANTED. Defendant shall pay Plaintiff $201,829.00 in attorney fees.

DATED: August 21, 2014

B. Lynn Winmill
Chief Judge
United States District Court